**Mohamed ALAZAZI, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY,**
**Defendant-Appellee.**

**No. 80–1151.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs May 28, 1982.
Decided July 9, 1982.

Mohamed Alazazi, pro se.

John A. Mundell, Foster, Meadows & Ballard, Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, BROWN, Senior Circuit Judge and TAYLOR,* District Judge.

PER CURIAM.

In this civil action plaintiff sought damages under the Jones Act for an injury he received while employed in the engine room of Ford Motor Company's *S.S. John Dykstra.* Before this case was tried, plaintiff was arrested, tried and convicted for murder and sentenced to a long term in prison. During the course of his jury trial plaintiff, who had to be brought from Jackson Penitentiary, was seen in an elevator by one juror and by another while he was being led away in the hallway. In both instances he was handcuffed. The District Judge dealt with this matter during the course of the trial explaining on the record that he could not have kept appellant's incarceration away from the jury because of delays involving his being brought from the peniten-

tiary to court and the fact that he was guarded in court and the fact that his lack of earnings during the years of incarceration had to be explained. He did instruct the jury on this score as follows:

> A unique feature of this case is that the plaintiff has been in continuous custody since April of 1977, by reason of a charge and conviction of a criminal offense. It is natural that you are curious as to the nature of the offense and the probable time of his release. This information has not been disclosed to you because it is not relevant to your determination.
>
> In determining the amount of the plaintiff's future damages, if any, by reason of his claim of diminished earning capacity, you should make your determination the same as if he were being released from custody today.

This was a small part of a lengthy and careful charge to the jury on the nature of proofs which were required to sustain a verdict in the Jones Act case.

The jury returned a verdict in favor of defendant. This appeal is filed and prosecuted by appellant pro se. As a consequence, we have examined it with even more than our usual care and concern. It is apparent to us that the District Judge's opinion expressed in his Certification Of Good Faith And Non-Frivolousness is a fair summary of the record:

> It is the opinion of the Court that with respect to the merits of the plaintiff's claim, he had a factually weak case, he had a fair trial, his attorneys represented him well, and upon a new trial the defendant would very likely again prevail upon the merits.

Finally, appellant's chief claim on appeal consists of an attack on the law firm and the lawyers who represented him on a contingent-fee basis. In this regard, his charges really amount to malpractice charges against his retained counsel for

---

* Honorable Robert L. Taylor, United States District Judge for the Eastern District of Tennes-

see, sitting by designation.

their actions in his civil suit. He cannot, of course, try his malpractice charges against his attorneys in a civil action for damages against the Ford Motor Company.

Our review of the record indicates to us that his Jones Act case resulted in an adverse jury verdict because he did not have proofs to sustain his cause of action.

The judgment of the District Court is affirmed.